**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SURINDER PAL,<br><br>      Petitioner,<br><br> v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>      Respondent. | No. 08-74060<br><br>Agency No. A070-542-986<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 12, 2013
San Francisco, California

Before:  SCHROEDER, RIPPLE,[**] and CALLAHAN, Circuit Judges.

 Surinder Pal, a native and citizen of India, petitions for review of the order

of the Board of Immigration Appeals ("BIA" or the "Board").  That decision

affirmed an Immigration Judge's ("IJ") denial of his applications for asylum and

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [**]  The Honorable Kenneth F. Ripple, Senior Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

for protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Mr. Pal challenges the IJ's adverse credibility determination. The pre-REAL ID Act standards govern this case. Joseph v. Holder, 600 F.3d 1235, 1246 n.8 (9th Cir. 2010). We review the BIA's decision affirming an adverse credibility determination for substantial evidence. Yaogang Ren v. Holder, 648 F.3d 1079, 1083 (9th Cir. 2011). We also review for substantial evidence the determination that Mr. Pal has not established eligibility for asylum or CAT protection. See Malkandi v. Holder, 576 F.3d 906, 912 (9th Cir. 2009) (addressing asylum); Arteaga v. Mukasey, 511 F.3d 940, 944 (9th Cir. 2007) (addressing a CAT claim).

Mr. Pal's objections to the adverse credibility determination are not persuasive. He contends that the IJ was required to credit his explanation that the inconsistencies between his first declaration and his amended declaration and testimony are attributable to an unscrupulous preparer. The record demonstrates that the IJ considered Mr. Pal's explanation, which is all that we require. Rivera v. Mukasey, 508 F.3d 1271, 1275 (9th Cir. 2007). Even if the IJ had accepted Mr. Pal's explanation, it does not account for the inconsistencies that the IJ and the BIA identified between his amended declaration, prepared by his attorney, and his in-court testimony. These inconsistencies, such as the circumstances of his first

2

arrest, the amount of the bribe paid to secure his release after his second arrest and when he suffered physical injury from torture, go to the heart of Mr. Pal's claim for relief. Therefore, the adverse credibility determination is supported by substantial evidence.

Mr. Pal next alleges that the IJ violated his right to due process by failing to give him additional opportunities to explain these inconsistencies. However, he has not challenged the IJ's requirement that he produce medical evidence to justify additional continuances. Nor has he even alleged that he could have produced such evidence. In any event, he has not established prejudice, as he must to prevail on a due process claim. Gonzaga-Ortega v. Holder, 694 F.3d 1069, 1076 (9th Cir. 2012). Indeed, he is silent concerning what explanation for the inconsistencies he would offer were he granted another continuance.

Mr. Pal's other claimed due process violation, the denial of a complete, simultaneous translation, also fails. He has not demonstrated his entitlement to such a translation or shown that the denial of such a translation prejudiced him. Mr. Pal does not allege that, if he were provided with a translation of the IJ's discussion with his attorney, he would have produced the required medical evidence of his inability to testify.

In support of his asylum claim, Mr. Pal offered his own testimony, which was found incredible, as well as expert opinions. Because the experts' opinions were based on Mr. Pal's now-recanted statements, the IJ declined to credit them. The IJ's ruling did not deprive Mr. Pal of the opportunity to present evidence on his own behalf. The expert opinions support only his first declaration, which he has since stated is not true and upon which he does not want his claim decided. He cannot have it both ways. Without any credible evidence to support the version of events he now puts forward, Mr. Pal's asylum claim fails.

Finally, Mr. Pal's claim that the BIA engaged in improper factfinding with regard to country conditions is not well-taken. The BIA "'relied on the predicate facts found by the Immigration Judge.'" Ridore v. Holder, 696 F.3d 907, 922 (9th Cir. 2012) (quoting Matter of A-S-B-, 24 I. & N. Dec. 493, 498 (B.I.A. 2008)). The Board specifically referred to Exhibit 4, which the IJ discussed and which contains the very language used by the BIA.

Because Mr. Pal's CAT claim is based on the same statements as his asylum claim, and country conditions evidence does not compel the conclusion that it is more likely than not that he would be tortured if returned to India, his CAT claim also fails.

**Petition DENIED.**

4